IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. GRAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES | : | NO. 11-3349 |

## MEMORANDUM OPINION

Savage, J.                                                                                                    August 17, 2011

More than two years after his federal habeas petition was denied, James Gray filed this *pro se* motion under Fed. R. Civ. P. 60(b)(6). He argues that the dismissal of his habeas petition as time-barred was based on an erroneous application of *Pace v. DiGuglielmo,* 544 U.S. 408, 412-13 (2005), and that the limitations period for filing his habeas claim should have been tolled until he received actual notice that his Pennsylvania Post Conviction Relief Act petition had been denied. According to Gray, by commencing the limitations period on May 12, 2005, his habeas petition, filed on May 20, 2005, would have been considered timely.

### Background

Gray was convicted of first degree murder, conspiracy, aggravated assault, and possession of an instrument of crime on July 14, 1988. His conviction was affirmed by the Pennsylvania Superior Court on May 11, 1992. In his petition under Pennsylvania's Post Conviction Relief Act ("PCRA") filed nearly eight years later on March 2, 2000, Gray made a claim that the prosecutor had excluded African-American venire persons from his jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). The PCRA court dismissed his petition as untimely on December 7, 2001. The Superior Court affirmed the dismissal on December 26, 2002. Although the Pennsylvania Supreme Court denied allocatur on

August 6, 2003, Gray claims that he was not aware that his petition for allocatur was denied until his PCRA counsel notified him on May 12, 2005.

On May 20, 2005, Gray filed his federal habeas petition. He was granted a stay to pursue another PCRA petition on June 22, 2006. Following dismissal of his second PCRA petition as untimely, the stay of his habeas action was lifted on July 17, 2007. On May 28, 2008, Magistrate Judge Hart issued a report recommending Gray's habeas petition be dismissed as time-barred. We adopted Magistrate Judge Hart's finding that because Gray's March 2, 2000 PCRA petition was denied by the state court as untimely, it did not toll the limitations period for filing a federal habeas action under § 2244(d)(2) of the AEDPA. Accordingly, on February 4, 2009, we dismissed the petition.

Under the AEDPA, the starting point for the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered." 28 U.S.C. § 2244(d)(1). For Gray, the trigger date was January 20, 2000, when he learned of the "McMahon tape"[1] from the Pennsylvania Supreme Court's decision in Commonwealth v. Basemore, 744 A.2d 717 (Pa. 2000). Under § 2244(d)(1), Gray had one year from the start of the limitations period to file his federal habeas action. He did not do so until more than five years later.

Gray filed this motion under Fed. R. Civ. P. 60(b)(6) on May 23, 2011. In it, he argues that Magistrate Judge Hart improperly applied Pace when he determined that Gray's March 2, 2000 PCRA petition did not toll the AEDPA limitations period. Instead, he

---

[1] The "McMahon tape" is a video-taped training session conducted by Gray's prosecuting attorney Jack McMahon where he lectured junior prosecutors on methods of implementing a trial strategy whereby they could successfully exclude black venire persons from a jury.

argues that the limitations period should not have begun to run on his habeas petition until he became actually aware on May 12, 2005 that the Pennsylvania Supreme Court had denied him allocatur.[2]

## Discussion

Aimed at striking a "balance between the conflicting principles that litigation must be brought to an end and that justice must be done," *Boughner v. Sec. of Health and Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978), Rule 60(b) permits a court to relieve a party from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b)(6) is a catch-all provision, allowing a district court to vacate a prior judgment for "any reason that justifies relief." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d. Cir. 2008). The remedy provided by Rule 60(b)(6) is "extraordinary, and special circumstances must justify granting relief under it." *Green v. White*, 319 F.2d 560, 563 n.1 (3d Cir. 2003). Such extraordinary circumstances "will rarely occur in the habeas context."

---

[2] Because Gray's habeas petition was denied as untimely, it was not resolved "on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 533-34 (2005). Accordingly, this Rule 60(b) motion is appropriately before the court and will not be dismissed as a second or successive habeas petition. *Id.*

3

*Gonzalez*, 545 U.S. at 535.

Motions under Rule 60(b) are subject to the requirement in Rule 60(c) that a petitioner file his motion "within a reasonable time – and for reasons (1), (2), and (3) no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Although the one-year time limit does not explicitly apply to motions under Rule 60(b)(6), the Third Circuit has stated that Rule 60(b)(6) "may not be used as a catchall to avoid the one-year limitation." *Martinez v. Wynder*, No. 08-0046, 2010 WL 391476, at *4 (E.D. Pa. Jan. 22, 2010) (quoting *Gambocz v. Ellmyer*, 438 F.2d 915, 917 (3d Cir. 1971)). Thus, a motion filed under Rule 60(b)(6) more than a year after final judgment is generally considered untimely unless "exceptional circumstances" justify the delay. *Gordon v. Monoson*, 239 Fed. App'x 710, 713 (3d Cir. 2007) (citing *Ackerman v. United States*, 340 U.S. 193, 202 (1950)).

Here, Gray filed his Rule 60(b)(6) motion on May 23, 2011, more than two years after his habeas petition was denied. He offers no excuse for this delay. Our review of the procedural history reveals nothing that would justify the delay.

Gray focuses on the timeliness issue in the state court proceedings. The issue before us is the timeliness of the filing of his Rule 60(b) motion. He has not offered, nor can we find any excuse for his failing to file his motion in a timely manner. Therefore, we shall dismiss the motion.